| | |
|---|---|
| 1 | PHILLIP A. TALBERT |
|   | Acting United States Attorney |
| 2 | MELANIE L. ALSWORTH |
|   | Assistant United States Attorney |
| 3 | 2500 Tulare Street, Suite 4401 |
|   | Fresno, CA 93721 |
| 4 | Telephone: (559) 497-4000 |
|   | Facsimile: (559) 497-4099 |
| 5 | |
| 6 | Attorneys for Plaintiff |
|   | United States of America |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:19-CR-00122 NONE SKO |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| MERE LEDESMA, | DATE: May 5, 2021 |
| Defendant. | TIME: 1:00 p.m. |
| | COURT: Hon. Sheila K. Oberto |

This case is set for status conference on May 5, 2021. On May 13, 2020, this Court issued General Order 618, which indefinitely continues the prior suspension of all jury trials in the Eastern District of California and the prior courthouse closures as set forth in General Order 617. These and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable— General Orders 611, 612, 617, 618, 620, 624, 628 and 630 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). The Government's position is that although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for the status. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1. By previous order, this matter was set for status on May 5, 2021.

2. By this stipulation, defendant now moves to continue the status conference until August 18, 2021, and to exclude time between May 5, 2021 (the date through which time was previously excluded) and August 18, 2021, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government produced supplemental discovery to the defendant, including reports from the FBI laboratory regard DNA evidence the government intends to use at trial, and other items requested by the defendant. The government acknowledges a recent request by defense counsel to assist in locating certain bench notes in the FBI discovery, and the government is working with the FBI lab to accomplish satisfy this request. The government made a plea offer in this case, and has agreed to extend the deadline of the offer through August 18, 2021, to permit defendant and his expert adequate time to review the supplemental discovery and have a meaningful conversation about the government's evidence.

   b) Counsel for defendant desires additional for the defense expert to complete a review of the supplemental discovery, to consult with his client about the charges, conduct an investigation and research related to the charges, discuss with his client the plea offer received from the government, prepare any pretrial motions, and otherwise prepare for trial. The requested continuance will also ensure continuity of counsel.

   c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 5, 2021 to August 18, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4]

because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: April 26, 2021            PHILLIP A. TALBERT
                                 Acting United States Attorney

                                 /s/ MELANIE L. ALSWORTH
                                 MELANIE L. ALSWORTH
                                 Assistant United States Attorney

Dated: April 26, 2021            /s/ STEVEN L. CRAWFORD
                                 STEVEN L. CRAWFORD
                                 Counsel for Defendant
                                 MERE LEDESMA

**FINDINGS AND ORDER**

/s/ Sheila Oberto
THE HONORABLE SHEILA K. OBERTO
UNITED STATES DISTRICT JUDGE